IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**PETRUS HAWKINS,**

    **Petitioner,**

v.                                                                                                                         **Case No. 5:15-cv-13674**

**JOE COAKLEY, Warden,**
**FCI Beckley,** [1]

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1), and Respondent's Response to Order to Show Cause, which seeks dismissal of the petition. (ECF No. 13). This case is assigned to the Honorable Irene C. Berger, United States District Judge, and was referred to the undersigned United States Magistrate Judge by Standing Order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 8). As a preliminary matter, the undersigned **FINDS** that Petitioner's petition can be resolved on the record. Based upon the record, Petitioner is clearly not entitled to relief; therefore, an

---

[1] Petitioner was incarcerated at Federal Correctional Institution Beckley in Beaver, West Virginia when he filed the instant petition. (ECF No. 2). However, since that time, Petitioner was transferred to Federal Correctional Institution Loretto in Loretto, Pennsylvania, where he is presently in custody. *See* BOP inmate locator at www.bop.gov/inmateloc/. Pursuant to Federal Rule of Civil Procedure 25(d), the warden of the facility in which he is in custody, S. Million, shall be substituted as Respondent in this case. Further, despite the fact that Petitioner is no longer in custody in the Southern District of West Virginia, the Court retains jurisdiction over this matter. "Jurisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions do not defeat personal jurisdiction." *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994) (citing *Francis v. Rison,* 894 F.2d 353, 354 (9th Cir.1990)).

evidentiary hearing is not required in this case. *United States v. King*, ___ Fed. Appx. ___, 2017 WL 624179, at *1 (4th Cir. Feb. 15, 2017) (citing *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970)).

For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be **DENIED**; that Respondent's request for dismissal be **GRANTED**; and that this action be **DISMISSED**, with prejudice, and removed from the docket of the Court.

## I. Relevant History

In June 2013, Petitioner Petrus Hawkins ("Hawkins") was serving a term of supervised release related to a 2006 conviction in federal court. (ECF No. 1-1 at 2). On June 27, 2013, he was arrested by state authorities in Monongalia County, West Virginia secondary to a vehicle stop and search, which yielded marijuana and a .45 caliber pistol. (*Id.*; ECF No. 13-1 at 5-6). Hawkins was released on bond later that same day. (ECF No. 13-1 at 6). On July 24, 2013, Hawkins appeared at the United States District Court for the Northern District of West Virginia for initial proceedings on a petition to revoke his supervised release. (*Id.* at 12). Hawkins was detained pending his revocation hearing. (*Id.* at 15-17). On August 13, 2013, United States District Judge Irene M. Keeley accepted Hawkins's guilty plea to the pending supervised release violations and sentenced him to ten months' imprisonment with credit for time served from July 24, 2013. (*Id.* at 19-20).

On April 16, 2014, Hawkins was released to the U.S. Marshals Service pursuant to a federal writ arising from an indictment charging him with being a felon in possession of a firearm. (*Id.* at 34). By this time, Hawkins had served all but 36 days of his sentence for the supervised release violations. (ECF No. 13-1 at 29). Hawkins subsequently pled guilty to the firearms charge, and on October 24, 2014, Judge Keeley entered a judgment order

sentencing Hawkins to 46 months' imprisonment. (*Id.* at 40-41). Judge Keeley explicitly noted that Hawkins should be given credit for time served since May 24, 2014, the day after expiration of his sentence for the supervised release violations.[2] Hawkins is currently scheduled for release on September 23, 2017.

On October 2, 2015, Hawkins filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1). He complains that the BOP has miscalculated his sentence by failing to give him credit for time served between April 16, 2014 and May 22, 2014, when he was in custody on a federal writ arising from his firearms charge.[3] Hawkins argues that because he was in official detention on the firearms charge during that period, his current firearms sentence should be credited with the additional 36 days. (ECF No. 1-1 at 5).

On November 12, 2015, Respondent filed a memorandum in opposition to Hawkins's petition for a writ of habeas corpus. (ECF No. 13). Respondent contends that Hawkins has been given all of the prior custody credit to which he is entitled by law. Consequently, Hawkins's sentence is properly calculated, and the petition should be dismissed as meritless. Respondent acknowledges that Hawkins has exhausted his

---

[2] The Bureau of Prisons ("BOP") actually gave Hawkins one additional day of credit, because his sentence on the supervised release violations expired on May 22, 2014, not May 23, 2014 as the court believed. (ECF No. 13-1 at 27).

[3] Hawkins' petition is not entirely clear regarding what period of time he believes he should be credited. At some places in his memorandum, it appears that he is referring to the 36 days between April 16 (exclusive of that day) and May 22, 2016. However, at other points in the memorandum, Hawkins appears to believe that he is entitled to ***all*** of the time he spent serving his sentence for the supervised release violations. Hawkins seems to suggest that principles of double jeopardy require a merging of the firearms sentence with the supervised release violation sentence, because they stem from the same unlawful activity. Clearly, this latter position is entirely misguided and completely unsupportable. *See Johnson v. United States*, 529 U.S. 694, 700 (2000) ("Where the acts of [a supervised release] violation are criminal in their own right, they may be the basis for separate prosecution, which would raise an issue of double jeopardy if the revocation of supervised release were also punishment for the same offense. Treating postrevocation sanctions as part of the penalty for the initial offense, however (as most courts have done), avoids these difficulties."). Consequently, the undersigned will only address the issue of credit for 36 days.

administrative remedies and that a petition under § 2241 is the proper avenue by which to challenge the BOP's sentence calculation.

## II. Discussion

Habeas corpus is the appropriate and exclusive remedy for a prisoner to attack the validity or duration of his confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Where a prisoner seeks "immediate release or a speedier release" from imprisonment, the sole remedy is a writ of habeas corpus. *Id.* Under federal law, there are different forms of habeas corpus petitions, including 28 U.S.C. §§ 2241, 2254, and 2255; here, Hawkins seeks relief under § 2241. A habeas corpus petition may be brought under § 2241 to challenge the "execution" of a sentence, rather than the sentence itself. *United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004). Typical challenges to the execution of a sentence under § 2241 include "the administration of parole" and "computation of a prisoner's sentence by prison officials." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). In order to be entitled to habeas relief under § 2241, a prisoner must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). With these principles in mind, the undersigned turns to the specific issue raised by Hawkins's petition.

The authority to compute federal terms of imprisonment and to provide credit for time served is delegated to the Attorney General, as exercised through the BOP. *See United States v. Wilson,* 503 U.S. 329, 334–335 (1992). A district court "may correct an error by the BOP through a writ of habeas corpus where that error is fundamental and carries a serious potential for a miscarriage of justice." *Rashid v. Quintana*, 372 F. App'x 260, 262 (3d Cir. 2010) (citing *Barden v. Keohane*, 921 F.2d 476, 479 (3d Cir. 1990)). In addressing any sentencing computation issue, a district court must consider: (1) when the

sentence commenced and (2) the extent to which the defendant may be entitled to credit for time spent in custody prior to commencement of the sentence. *Chambers v. Holland,* 920 F.Supp. 618, 621 (M.D. Pa. 1996), aff'd, 100 F.3d 946 (3d Cir. 1996). With respect to prior custody credit, "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed," provided that the time has not been credited against another sentence. *See* 18 U.S.C. § 3585(b). According to the Supreme Court of the United States, through this directive, "Congress made clear that a defendant could not receive a double credit for his detention time." *Wilson,* 503 U.S. at 337.

In the present case, Hawkins received two separate federal sentences, imposed at different times, and pertaining to different criminal proceedings. First, he received a ten-month sentence, imposed on August 13, 2013, for supervised release violations. "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence, at the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). This provision does not include time spent in custody prior to sentencing, because a federal sentence may not commence earlier than the date of imposition. *See Allison v. Cruz,* No. CV 0:15-221-CMC-PJG, 2015 WL 9872260, at *4 (D.S.C. Dec. 2, 2015), *report and recommendation adopted,* No. 0:15-221-CMC-PJG, 2016 WL 234998 (D.S.C. Jan. 19, 2016) (citing *Coloma v. Holder,* 445 F.3d 1282, 1284 (11th Cir.2006) ("[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.") (quoting *United States v. Flores,* 616

5

F.2d 840, 841 (5th Cir.1980)). Accordingly, to account for the time Hawkins spent in custody prior to imposition of his supervised release sentence, the BOP gave him credit under 18 U.S.C. § 3585(b) for the day of June 27, 2013 (the day he was arrested and released on a similar state charge), as well as the period beginning July 24, 2013 (the day he began detention on the petition seeking to revoke supervised release) and continuing through August 12, 2013 (the day before he started serving the ten-month sentence). (ECF No. 13-1 at 29). Accordingly, Hawkins received credit for all of the time he spent in custody prior to imposition of the supervised release violation sentence. Hawkins then had to serve the remainder of the ten-month sentence, which expired on May 22, 2014. (*Id.*)

Hawkins's second sentence was imposed on October 24, 2014. He received 46 months in prison for being a felon in possession of a firearm. Under 18 U.S.C. § 3585(b), Hawkins was entitled to prior custody credit for the time he spent in official detention on that charge prior to the date the sentence commenced, **except** to the extent any of that time was credited to another sentence. Although the Marshals took custody of Hawkins on the firearms charge prior to expiration of his sentence for the supervised release violations, he was still obligated to serve that sentence. As a result, the time Hawkins spent in detention between April 16 and May 22, 2014 was credited to his supervised release violation sentence and could not be credited to his subsequent firearms sentence. To do so would have resulted in a double credit for those days, which is expressly prohibited by law. *See Williamson v. Sanders,* No. CV 11-10740-JAK (OP), 2012 WL 4364263, at *3 (C.D. Cal. Jul. 11, 2012) (holding that a defendant could not "receive prior custody credit for this time toward his sentence because that time was already credited against his supervised release violation sentence"); *see, also, Rey v. Warden, FCC Coleman-Low,* No. 5:07-cv-249-Oc-10GRJ, 2009 WL 377186, at *2 (M.D. Fla. Feb. 12,

6

2009) (stating that 18 U.S.C. § 3585(b) entitles a prisoner only to "credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ... *that has not been credited against another sentence.*") (emphasis in original)). Because Hawkins's supervised release violation sentence was credited with the time through May 22, 2014, the BOP correctly began the calculation of prior custody credits toward his firearms sentence on May 23, 2014, the day after his first sentence expired. (ECF No. 13-1 at 27).

Thus, as Respondent points out, Hawkins was given full credit for the time he spent in custody prior to entry of judgment on his supervised release violations; was given credit for all of the days that he served his supervised release violation sentence; and upon conclusion of that sentence, was given credit for the additional days he remained detained until his sentence on the firearms charge commenced. The record clearly establishes that the BOP has correctly credited Hawkins with all of the time he has spent in custody. Therefore, the undersigned **FINDS** that Hawkins's petition for a writ of habeas corpus is without merit.

### III. Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) be **DENIED**; that Respondent's Motion to Dismiss be **GRANTED**, (ECF No. 13); and that this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United

States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Berger, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner at FCI Loretto and to counsel of record.

**FILED:** February 17, 2017

Cheryl A. Eifert
United States Magistrate Judge